

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2005

# Ko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2661

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ko v. Atty Gen USA" (2005). *2005 Decisions.* Paper 524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 04-2661

———

KUMALA DEWI KO; NOVI SULISTYOWATI HIE;
HENDRY GUNAWAN HIE; BAMBANG BUDIANTO,
Petitioners

v.

ATTORNEY GENERAL,
Respondent

———

Petition for Review of the Order
of the Board of Immigration Appeals
(A78-692-061, A78-692-062,
A78-692-063 and A78-692-064)

———

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2005

Before: SLOVITER, BARRY and SMITH, Circuit Judges

(Filed: September 20, 2005)

———

OPINION

SLOVITER, Circuit Judge.

Kumala Ko, her husband Bambang Budianto, and Ko's two children from a previous marriage, Hendry Hie and Novi Hie (hereafter collectively "Petitioners"), have filed a petition for review from the decision of the Board of Immigration Appeals ("BIA") denying their motion to reconsider its prior decision rejecting their claims of asylum, withholding of removal, and protection from removal under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). This court has jurisdiction to review the final agency order under 8 U.S.C. § 1252. See Nocon v. Immigration & Naturalization Serv., 789 F.2d 1028, 1032 (3d Cir. 1986) ("[W]e can review . . . orders denying motions to . . . reconsider."). For the reasons stated below, we will deny the petition for review.

## I.

Petitioners are ethnic Chinese Indonesians who overstayed their non-immigrant visitor visas. The former Immigration and Naturalization Service ("INS"),[1] placed Petitioners in removal proceedings by issuing a notice to appear on October 20, 2000.

---

[1] As of "March 2003, the INS ceased to exist as an independent agency within the United States Department of Justice and its functions were transferred to the newly formed United States Department of Homeland Security. The BIA, however, remains within the Department of Justice." Leia v. Ashcroft, 393 F.3d 427, 430 n.4 (3d Cir. 2005) (citing, inter alia, Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

2

An Immigration Judge ("IJ") sitting in Philadelphia, Pennsylvania presided over their joint removal proceedings. Petitioners conceded removability but applied for asylum, withholding of removal, and relief under the CAT.

Petitioners claimed that they had been persecuted in Indonesia on account of their Chinese ethnicity, as well as their Christian faith. All four petitioners testified before the IJ. Budianto testified, inter alia, that native Indonesians had ransacked his shrimp farm and burglarized his home. Hendry testified that he had suffered several physical attacks at the hands of native Indonesians and that he had been subjected to verbal assaults and ethnic slurs. Novi testified that she had been sexually assaulted on several occasions in Indonesia. Ko also testified about the violence visited upon her and her family; she further informed the IJ of her experiences during the well-documented Indonesian race riots of May 1998. See generally Lie v. Ashcroft, 396 F.3d 530, 532-33 (3d Cir. 2005).

In an oral decision issued November 1, 2002, the IJ rejected Petitioners' claims for asylum, withholding of removal, and relief under the CAT. In so doing, the IJ made an adverse credibility determination, stating: "Considering the discrepancies, contradictions, and lack of plausibility of [Petitioners'] case in chief, there is absolutely no way that this Court can find that the [Petitioners] have been credible nor that [they] have presented a credible case in chief to this Court." App. at 15. Moreover, the IJ ruled alternatively that, even assuming arguendo that he had believed the Petitioners' version of events, he still would have denied their applications because their asserted instances of persecution did

3

not contain the requisite governmental nexus. <u>See generally</u> <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002) (noting that "persecution" requires showing of government action or actions by "forces the government is either unable or unwilling to control") (citation and quotations omitted).

On February 26, 2004, the BIA affirmed the IJ's decision by way of a <u>per</u> <u>curiam</u> opinion. Specifically, after summarizing the various inconsistencies that the IJ had identified, the BIA found that the IJ's adverse credibility determination was fully supported by the record.

Instead of filing a petition for review of the BIA's February 2004 decision with this court, Petitioners filed a motion to reconsider with the BIA itself. <u>See generally</u> 8 C.F.R. § 1003.2(b). This motion "request[ed] that the Board reconsider its finding of adverse credibility and grant [Petitioners'] appeal from the decision of the [IJ]." App. at 129. On May 10, 2004, however, the BIA denied Petitioners' motion to reconsider. This timely petition for review followed.

## II.

As an initial matter, we must make clear precisely what we can review. As noted above, Petitioners did not file a petition with this court to review the BIA's February 26, 2004 opinion denying their appeal from the IJ's decision; instead, they filed a motion to reconsider with the BIA itself. The Supreme Court of the United States has held that the filing of a motion to reconsider a final order with the issuing administrative agency does

4

not toll the period for seeking judicial review of the underlying order and does not render the underlying order non-final. Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 394 (1995). Thus, we do not have jurisdiction to review the BIA's February 26, 2004 order; rather, the only order before us is the BIA's May 10, 2004 order denying Petitioners' motion to reconsider. See Nocon v. Immigration & Naturalization Serv., 789 F.2d 1028, 1032-33 (3d Cir. 1986).[2]

We review a decision by the BIA to deny an alien's motion to reconsider for an abuse of discretion, Nocon, 789 F.2d at 1033, mindful of the broad deference that the Supreme Court would have us afford. See Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 110 (1988). Under the abuse of discretion standard, the BIA's decision will not be disturbed unless it is found to be "'arbitrary, irrational, or contrary to law.'" Tipu v. Immigration & Naturalization Serv., 20 F.3d 580, 582 (3d Cir. 1994)).

In its February 26, 2004 opinion affirming the IJ, the BIA recounted the numerous discrepancies between Ko's testimony before the IJ, the affidavit Ko had filed in support of her asylum claim, and the testimony of Hendry and Novi. For instance, the BIA noted

---

[2] Moreover, considering that the IJ's adverse credibility determination was the only issue raised by Petitioners in their motion to reconsider, we do not have jurisdiction over the other issues raised in Petitioners' brief, such as their contention that the IJ ignored evidence of country conditions in Indonesia, that the IJ erroneously concluded that Petitioners' submitted instances of persecution lacked a governmental nexus, and that the IJ had failed to develop the record. We thus will not discuss those matters.

that Ko's affidavit averred that her brother-in-law's house was looted during the May 1998 riots; during her testimony before the IJ, however, she stated that her brother-in-law's house had not been harmed during that event. The BIA further noted the discrepancies between Ko's statements and those of her children recounting a robbery that they all claimed to have endured on a bus. Due to these and other discrepancies, the BIA affirmed the IJ's adverse credibility determination.

In its May 10, 2004 order denying Petitioners' motion to reconsider, the BIA stated in pertinent part:

> The [IJ's] decision and our [February 26, 2004] affirmance of that decision were based upon an adverse credibility finding. In her motion to reconsider, . . . [Ko] contends that we erred in affirming the [IJ's] adverse credibility finding. . . . because it was based upon minor discrepancies. We disagree. The numerous discrepancies were indeed present in the record of proceeding and were central to the . . . claim of past persecution. . . . Considered in the aggregate, they were a sufficient basis upon which to find [Ko] not credible. Furthermore, [Ko] failed to provide a convincing explanation for those discrepancies. Based on the foregoing, we cannot conclude that [Ko] identified any error of fact or law in our prior decision.

App. at 140. On this record, this decision cannot be said to be "'arbitrary, irrational, or contrary to law.'" Tipu, 20 F.3d at 582. Rather, the record fully supports the BIA's finding that Petitioners' testimony and submissions were plagued by inconsistencies and implausibilities.

Petitioners claim that many of the inconsistencies in their testimony occurred as a result of "shoddy translation." Petitioners' Br. at 16. The BIA did not find this explanation convincing as a matter of fact. Furthermore, the BIA concluded that

6

Petitioners' ineffective translation argument was, in reality, an ineffective assistance of counsel claim. See generally Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). For these reasons, the BIA rejected Petitioners' explanation both in its February 2004 opinion affirming the IJ and in its May 2004 order declining reconsideration. We find no error in the BIA's actions.

In sum, it follows that the BIA did not abuse its discretion in its May 10, 2004 order refusing to reconsider its February 26, 2004 decision.

### III.

For the reasons stated above, we will deny Petitioners' petition for review.

———————————————